The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA SNOW,

    Plaintiff,

v.

EARTHWORKS NORTHWEST, INC., a Washington corporation, MARK VERBARENDSE and JANE DOE VERBARENDSE, husband and wife, and TAWYNA HERMAN AND JOHN DOE HERMAN, wife and husband,

    Defendants.

CASE NO. C07-1729-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion and Memorandum for Award of Reasonable Attorney's Fees and Costs. (Dkt. No. 80.) Having considered the motion, the declarations filed in support and opposition, and the record as a whole, the Court hereby finds and rules as follows.

**I.    BACKGROUND**

Plaintiff Theresa Snow was employed by Defendant Earthworks until June 2007, when she was terminated. (Compl. ¶ 17 (Dkt. No. 1 at 5).) At the time, she was almost eight-months pregnant. (*See id.* ¶ 20.) She brought this action alleging pregnancy discrimination under Title VII and under Washington State's Law Against Discrimination ("WLAD"), violation of the Family and Medical Leave Act

ORDER – 1

("FMLA"), and various other state law claims (retaliation, wrongful discharge, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy). (*Id.* ¶¶ 31–75.) Before trial, the Court granted Defendants' motion to dismiss Plaintiff's claims for wrongful discharge, negligent infliction of emotional distress, and intentional infliction of emotional distress, finding that these claims were duplicative of her discrimination claims. (Order re: Motion to Dismiss 6–10 (Dkt. No. 14).) After Plaintiff had presented her evidence at trial, the Court granted Defendants' motion for summary judgment on Plaintiff's retaliation claim. The jury ultimately found for Plaintiff on her Title VII and FMLA claims—awarding $17,024 in economic damages, $48,000 in emotional distress damages, and $17,000 in punitive damages—but found for Defendants on the remaining state law claims. (Order of Judgment on Verdict 1 (Dkt. No. 79).)

Plaintiff now moves for an award of attorney's fees and costs under 42 U.S.C. 2000e-5(k) ("In any [Title VII] action . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.") and 29 C.F.R. § 825.400 ("When the employer is found in violation [of the FMLA], the employee may recover a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action from the employer in addition to any judgment awarded by the court.") Plaintiff's attorney undertook the representation on a contingent fee basis, whereby Plaintiff agreed to pay the greater of (1) 33% of any award recovered or (2) attorney's fees calculated at a rate of $250.00 per hour. (Spurr Decl. ¶ 3 (Dkt. No. 81).) The attorney has documented working 236.4 hours on the case. (*See* Spurr Decl., Exh A 1–13 (Dkt. No. 81 at 3–15).) Based on this documentation, Plaintiff requests $59,100 in attorney's fees ($250.00 * 236.4) and $1,641.85 in costs. (Mot. 4 (Dkt. No. 80).)

## II.  DISCUSSION

In *Hensley v. Eckerhart*, the Supreme Court set forth the standard for determining whether an attorney's fee request is "reasonable." 461 U.S. 424 (1983); *see also Davis v. City & County of San*

ORDER – 2

*Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (applying *Hensley* to a Title VII attorney's fee award under 42 U.S.C. § 2000e-5(k)).

Under *Hensley*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433; *see also Davis*, 976 F.2d at 1541 (describing this as the "lodestar" figure). "The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. Defendants concede that the proposed rate of $250 per hour is reasonable given Plaintiff's attorney's experience, but they argue that some the reported hours should be excluded. (Follis Decl. ¶ 4 (Dkt. No. 85 at 2).) First, they argue that the time spent drafting the summons and complaint (11 hours), the time spend responding to Defendants' motion to dismiss (22 hours), and the time spend researching the FMLA claim (7.1 hours) were "excessive." (*Id.* ¶¶ 5, 7, 8.) After reviewing the record, the Court finds that the time spent on these matters was not unreasonable and therefore should be included in the lodestar figure. *See Hensley*, 461 U.S. at 434. Second, Defendants note that some of the hours reported were spent appealing the denial of Plaintiff's unemployment benefits, and they argue that these hours should be excluded. (Follis Decl. ¶ 6 (Dkt. No. 85 at 2).) The Court agrees that hours worked on a entirely separate claim in a separate proceeding may not be included in the lodestar and, accordingly, deducts 13.8 hours from the total hours reported. (*See* Spurr Decl., Exh A 2–3 (Dkt. No. 81 at 4–5) (2.30 hours on 7/24/07, 0.3 hours on 7/30/07, 1.30 on 7/31/07, 0.5 hours on 8/1/07, 0.2 hours on 8/8/07, 0.3 hours on 8/15/07, 0.5 hours on 8/27/07, 0.2 hours on 8/28/07, 0.6 hours on 8/29/07, 1.4 hours on 9/11/07, 5.5 hours on 9/19/07, and 0.7 hours on 9/24).) After this deduction, the Court calculates a lodestar figure of $55,650 ($250 * 222.6).

The lodestar figure is "presumed to represent an appropriate fee," but the Court may adjust the award upward or downward based on any of several factors. *Davis*, 976 F.2d at 1541–42; *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th

ORDER – 3

Cir. 1975), the Ninth Circuit enumerated twelve factors for a district court to consider:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70. This twelve-factor analysis has survived *Hensley*, but many of the factors are "subsumed in the lodestar determination as a matter of law" and therefore "may not act as independent bases for adjustments of the lodestar." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988).

Defendants first argue that the Court should reduce the award because "[t]his was not a complicated case," noting in particular the short trial and limited discovery. (Follis Decl. ¶ 2 (Dkt. No. 85 at 1–2).) To the extent that this was a straightforward case, the Court finds that this is already accurately reflected in the lodestar figure. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984) ("The novelty and complexity of the issues presumably [a]re fully reflected in the number of billable hours recorded by counsel . . . ."). Further reducing fee awards based on the factors suggested by Defendants would encourage attorneys to make their cases more "complicated" by extending trials and taking unnecessary depositions. Plaintiff's counsel should be praised for litigating this case so efficiently; therefore, the Court declines to reduce the fee award on these grounds.

Defendants also argue that the award should be reduced because Plaintiff only prevailed on her Title VII and FMLA claim, not her state law claims. (Follis Decl. ¶ 6 (Dkt. No. 85 at 3 (suggesting a 20% reduction in the fee award)).) The Supreme Court made clear in *Hensley* that courts must consider the "results obtained" in a case and that a plaintiff who has achieved only "partial or limited success" may be entitled only to a reduced award. 461 U.S. at 435–36. However, in cases where "plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories," it will be

ORDER – 4

"difficult to divide the hours expended on a claim-by-claim basis," so the Court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435; *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995). Here, Plaintiff's claims all derived from the same core of facts and each sought similar compensation for her unexpected termination. Although Plaintiff only prevailed on her two federal claims, she still obtained excellent results, having been awarded economic, emotional, and punitive damages. Plaintiff's state law claims would have provided alternative means to achieve the same compensation, but there is no reason to believe that she would have obtained any *additional* relief had she prevailed on these claims. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). In light of the results obtained, and after considering the remaining *Kerr* factors, the Court finds that the lodestar figure of $55,650 ($250 * 222.6) constitutes a reasonable attorney's fee.

Plaintiff also requests $1,641.85 in costs. (*See* Spurr Decl., Exh A 13 (Dkt. No. 81 at 15).) Defendants argues that Plaintiff should not be reimbursed for the mediation fee ($925.00), for the cost of transcribing the unemployment appeal ($150.00), or for the cost of preparing trial transcripts for closing ($42.70). In most cases, the taxation of costs is limited by Federal Rule of Civil Procedure 54(d), Local Rule CR 54(d), and 28 U.S.C. § 1920. However, when a specific statute authorizes the recuperation of attorneys' fees, the Court has discretion to allow the recovery of other costs in order to further the purpose of the fee-shifting provision. *See Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244–45 (9th Cir.1982), *vacated on other grounds*, 461 U.S. 952 (1983) ("Needless to say, the clearly expressed legislative intent cannot be effectuated unless the court has the option to allow plaintiffs to recover the full costs of litigation."). The Court has previously included mediation fees within such costs, *see Gordon v. Virtumundo, Inc.*, No. C06-0204-JCC, 2007 WL 2253296, *15 (W.D. Wash. Aug. 1, 2007)

ORDER – 5

("While § 1920 does not contemplate taxation of mediation fees as statutory 'costs,' the Court finds that this is as component of a reasonable attorneys' fee, and therefore is allowable in that respect."), and similarly finds that the requested transcription fees should be included. Accordingly, the Court awards Plaintiff $1,641.85 in costs.

**III.  CONCLUSION**

For the foregoing reasons, the Court awards Plaintiff $55,650 in reasonable attorney fees and $1,641.85 in costs.

Dated this 9th day of April, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 6